Mr. Justice Cox
delivered the opinion of the Court:
The petitioners set forth that they are the owners of certain real estate in Washington, being lot 2, square 970; that in pursuance of old ordinances of the City of Washington, certain taxes were levied upon the lot — two nuisance taxes of $2.87 and $1,167.37; two improvement taxes for paving in front of the lot, one in December, 1874,.for $460.37 and the other in August, 1871, for $134.28. They claim that all of these assessments are erroneous and illegal, and they pray the Court for a writ of certiorari to the District authorities commanding them to produce all the records and proceedings relative to those taxes, and that the Court will quash the assessments.
The first taxes complained of are two relating to the nuisances. It appears that an alleged nuisance existed upon the property in question, which consisted of a depression below the grade of the street, and which was filled writh stagnant water, necessitating the filling up of the depression. That was done by city authorities, and the cost of it was levied as a tax upon the lot. What the nuisance was for which the tax of $2.87 was levied does not appear.
The return of the Commissioners is made, and they file an answer in which, as to the nuisance, they disclose that all the papers have disappeared in consequence of the changes in the form of government and the location of the public archives in the office, and that they can return nothing except what appears to be a charge upon the collector’s books of $2.87 and $1,167.37 for nuisance taxes.
According to the practice in certiorari, as we understand it, we can pass no order with reference to any record or proceeding that is not before the Court. The taxes may be illegal, or there may be an error in matter of form ; but we *354 cannot set aside or affirm a judgment or proceeding in an inferior tribunal unless it is before this Court. Consequently, with reference to these taxes, we simply must deny the relief prayed. This does not involve, by any means, an affirmance of the legality of the taxes levied. Of course, if a sale is attempted to be made, in pursuance of this assessment for the nuisance tax, whoever claims title must prove a compliance with all the requirements of the law. and the adverse party can take advantage of all defects of proof.
There is also a question whether a particular notice was given, but as that affects only the question of interest, if a sale is attempted to be made for an amount including interest, that is a matter of defense; and perhaps relief can be obtained by injunction, but that is immaterial here.
I pass on, therefore, to the tax for improvements in front of the lot in question. There are various objections made to this tax.
First, it is said that the ordinances authorizing the paving of foot ways are void in law, because the amount of the tax is not specified, but it is left to be made precise by future measurements of subordinates or to be defeated by acts of the owners; in other words that the taxes cannot be imposed in advance. It appears that the practice was to advertise at the beginning of every year for bids for all the work that might be needed in the shape of paving, guttering, etc., in the different wards during the year. The ordinance which was exhibited here simply directs that certain work be done, and that a tax be levied for the cost on the lot in question. It is virtually an ordinance that work costing so much a foot or yard shall be done, but leaving only one thing to be ascertained by subordinates, and that is the measurement of the work and the apportionment of the cost among the different proprietors, according to frontage, area, or valuation. We do not see that there is anything here like the delegation of the limited legislative power conferred upon the Corporation of Washington to subordinates. It left to the *355 subordinates only tbe ascertainment, by computation, of results, and therefore that legislation is not objectionable in the respect mentioned.
Another objection is that no sum is assessed because there is no dollar mark prefixed to the figures-. We are all aware of the decisions of the Supreme Court, and of this Court, that this objection'is ordinarily fatal; but we are not disposed to give much weight to it in this case, because the figures are in such detail and plain connection with other figures that no one Can fail to understand it.
Another objection is that the records do not show notice. The ordinance requires that after the assessment shall have been made, notice shall be given to the owner and interest upon the tax shall be charged from the date of the notice until paid. That is a question that has nothing to do with the assessment, and therefore nothing to do with what is before us. The assessment is the official ascertainment of the amount of the tax to be charged upon the property. Notice is something to be given afterwards, in order to charge the delinquent owner with interest. That is a matter in pais. If the sale is attempted to be made for an amount which includes interest,, possibly the sale might be enjoined, or this would constitute a defense to claim of title under it. But we have nothing to do with that. All that we can do is to judge of the validity of a proceeding already consummated. A notice is something- outside of the assessment, and therefore not a subject for our consideration in this proceeding.
Then it is alleged that the charges for gutters, cobble stones and gutter stones are in each case illegal; that they should have been made not against private property but against ward funds. We have come to the conclusion that that particular item in the assessment is erroneous, although it amounts to but $29.25 — and to that extent that the assessment should be set aside as erroneous. But that does not involve the reversal of the whole proceeding. This item is *356 easily distinguishable from the rest. It is not like the case of the Alexandria Canal Company vs. District of Columbia, 1 Mackey, 217, in which a gross sum was charged upon the property and franchise of the company.
In that case we held that the District had no authority to tax the franchise of the corporation, and as the tax was a gross sum charged upon the franchise and other property, and one could not be distinguished from the other in the amount charged, we held that the whole assessment was illegal. In this case, however, the illegal item can be easily separated from the others.
There are several other minor objections, to which we do not attach any weight, and do not think it necessary to consider in detail.
So much for the first assessment for a payment.
The Eslin paving tax was laid under an ordinance passed in December, 1870; and the work is supposed to have been done in April, 1871. The charters for the two cities expired on the 1st day of June, 1871. Under the ordinance of the corporation, an officer was to make the assessment who was designated the commissioner of improvements. His office expired with the charters of the two cities, and the law did not designate anybody who was to succeed him and discharge his duties. There was, therefore, nobody who was authorized by law to make an assessment in pursuance of the ordinance under which this work was done. When we look at the assessment we find that apparently it was made by Mr. Forsyth, first assistant surveyor, and Fredrick Fritz, commissioner of the sixth ward. These officers had no authority under any act of Congress or ordinance of the old corporation, or any law of the District government. Therefore the assessment was made without authority.
Without considering any other objections we can do nothing else than set aside the assessment as made without authority. There are some other objections which it is not *357 necessary to consider. That is all' that we find it necessary to say with reference to that.
I should have said, with reference to the first tax, for a nuisance, that we are free to say (although we are not called upon to express any opinion about' the quality of the assessment in point of form, because it is not before us) that we do not find in the charter under the power “to prevent and remove nuisances” any authority to levy the cost of removing a nuisance as a special tax, upon the lot, and to sell it for nonpayment. We cannot quash the assessment because it is not before us, but that general proposition suggests its-self to us.